1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8                   **DISTRICT OF NEVADA**
9
10  DEBRA MARY REYNA,
11          Plaintiff,                    Case No. 2:10-cv-01730-KJD-RJJ
12  v.                                    **ORDER**
13  WELLS FARGO BANK, N.A.,  *et al.*,
14          Defendants.
15
16          Presently before the Court is Defendants' Motion to Dismiss (#11). Plaintiff filed a response
17  in opposition (#13). Also before the Court is Plaintiff's Counter Motion to Amend the Complaint
18  (#15).
19  I. Background
20          Plaintiff and her husband purchased the property located at 6431 Chisos Drive, Las Vegas,
21  Nevada; Parcel No. 163-14-813-009 ("Property") on or about March 27, 2002. On or about April 15,
22  2004, Plaintiff and her husband obtained a mortgage loan from Decision One Mortgage Company,
23  LLC and secured the loan with a Deed of Trust on the Property, which was recorded in the Official
24  Records of Clark County. Defendant BAC Home Loans Servicing, LP, ("BAC") subsequently began
25  servicing the loan. On or about February 16, 2007, a Notice of Default pertaining to the Property and
26  the Deed of Trust was recorded, followed by a rescission thereof, which was recorded on or about

1  March 19, 2007. Throughout 2008 to present, Plaintiff has been in contact with Defendants Bank of

2  America, BAC, and/or their predecessors (hereafter collectively referred to as "Bank of America,"

3  unless otherwise specified) to attempt to negotiate a home loan modification on the Property.

4  Defendant ReconTrust Company, N.A. ("ReconTrust") acting as trustee under the Deed of Trust

5  recorded a Notice of Default/Election to Sell Under Deed of Trust on or about August 17, 2009 for

6  amounts that were due since November 1, 2008.  Plaintiff requested from Bank of America approval

7  to short sale the Property. Bank of America instructed Plaintiff to obtain a realtor and a

8  representative from Bank of America would contact her.

9         On or about February 22, 2010, Bank of America sent Plaintiff an invitation to apply for a

10 loan modification to avoid foreclosure.  Plaintiff responded to this invitation by hand delivering the

11 application and necessary attachments to Bank of America on or about February 26, 2010. Upon

12 delivery of the application, Bank of America informed Plaintiff that additional documents were

13 required. Counsel accompanied Plaintiff during submission of the application. Two subsequent

14 meetings were held shortly thereafter.  At the third meeting, Bank of America informed Plaintiff that

15 she would hear back from them regarding the application and no further actions from her were

16 necessary.

17        On or about March 2, 2010, a Notice of Trustee's Sale was recorded. Plaintiff alleges that she

18 did not receive the Notice.  The foreclosure sale was completed on May 17, 2010 and a "Trustee's

19 Deed Upon Sale Nevada" was recorded on or about May 21, 2010.  Defendant Wells Fargo

20 purchased the Property at the foreclosure auction.  Plaintiff first learned of the foreclosure sale on

21 May 24, 2010 when she found a letter by her front door from realtors Patrick M. Korth and Rebecca

22 Hoag, asserting that they had been "contracted to perform an occupancy check for the new

23 institutional owner of the property…as they have now taken ownership of th [sic] property." On

24 May 26, 2010, Plaintiff received a three-day notice to vacate, which stated that BAC, formerly

25 known as Countrywide Home Loans Servicing, L.P., became the owner of the property via the

26

1  trustee's sale on May 17, 2010.  Bank of America agreed to suspend the eviction process pending

2  further investigation of Plaintiff's account.

3          Plaintiff filed the present complaint against Defendant Wells Fargo and others on

4  October 5, 2010. The Complaint brings causes of action for (1) quiet title, (2) slander of title, (3)

5  breach of covenant of good faith and fair dealing, (4) unjust enrichment, (5) breach of fiduciary duty,

6  (6) fraud, (7) civil conspiracy, (8) breach of contract, (9) declaratory relief, (10) injunctive relief, (11)

7  inspection and accounting, and (12) deceptive trade practices. Defendants filed a petition for removal

8  on October 5, 2010. Defendants filed the present Motion to Dismiss on November 11, 2010.

9  II.  Standard for Motion to Dismiss

10         Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a

11  claim upon which relief can be granted." In considering a motion to dismiss, "all well-pleaded

12  allegations of material fact are taken as true and construed in a light most favorable to the non-

13  moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661

14  (9th Cir. 1998) (citation omitted). Accordingly, there is a strong presumption against dismissing an

15  action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.

16  1997).

17         To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted

18  as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937,

19  1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially

20  plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

21  inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is

22  "more than a sheer possibility that a defendant has acted unlawfully," yet less than a "probability

23  requirement." Id.

24         Pursuant to the two-prong analysis in Iqbal, the Court first identifies "the allegations in the

25  complaint that are not entitled to the assumption of truth," meaning, those allegations which are legal

26  conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the

1    factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Only

2    a complaint "that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

3    III.  Analysis

4         A. Quiet Title

5         In Nevada, a quiet title action may be brought "by any person against another who claims

6    an…interest in real property, adverse to the person bringing the action, for the purpose of

7    determining such adverse claim." N.R.S. § 40.010. In a claim for quiet title "the burden of proof rests

8    with the plaintiff to prove a good title in [her]self." Velazquez v. Mortgage Electronic Registration

9    Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011)

10   (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996)). Additionally, an

11   action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property. See

12   Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1,

13   2011).  Essentially, "he who seeks equity must do equity." McQuiddy v. Ware, 87 U.S. 14 (1873).

14   Although courts have the  power to vacate a foreclosure sale where there has been fraud, such as

15   sham bidding and the restriction of competition, or inadequacy of price coupled with other

16   circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been

17   improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities

18   in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for

19   which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct.

20   App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021

21   (Cal. Ct. App. 1989) ("The rationale behind the rule is that if plaintiffs could not have redeemed the

22   property had the sale procedures been proper, any irregularities in the sale did not result in damages

23   to the plaintiffs").

24         Defendants BAC, Bank of America, IMH, and ReconTrust move to dismiss Plaintiff's claim

25   for quiet title asserting that they do not claim title to the Property adversely. Accordingly, Plaintiff

26

4

1  stipulates in her opposition, to dismiss her quiet title claim against said Defendants without

2  prejudice. The Court, therefore, grants dismissal of this portion of Plaintiff's claim.

3        Defendant Wells Fargo moves to dismiss Plaintiff's claim for quiet title asserting Plaintiff's

4  purported attempt to obtain a windfall from her loan by eliminating the deeds of trust. In response,

5  Plaintiff asserts that she is not seeking to have title to the Property quieted in her name and at the

6  same time be relieved of the obligation to pay the note. See Plaintiff's Opposition to Defendants'

7  Motion to Dismiss (Doc. No. 13, p. 7 of 18). Furthermore, Plaintiff asserts that she seeks equity,

8  specifically for all parties to be "placed in the position they were in prior to the foreclosure sale, due

9  to Defendants' pre-foreclosed conduct." See Plaintiff's Opposition to Defendants' Motion to Dismiss

10  (Doc. No. 13, p. 7 of 18).

11        The pre-foreclosure conduct at issue in Plaintiff's Complaint is that of Bank of America and

12  ReconTrust, not Wells Fargo. Additionally, Plaintiff has not alleged means to cure her default.

13  Accordingly, she has not successfully stated a claim for quiet title against Defendant Wells Fargo.

14  The Court dismisses this portion of Plaintiff's claim and grants her leave to file an amended

15  complaint.

16        B. Slander of Title

17        Slander of title "requires the showing of false and malicious communications, disparaging to

18  one's title in land, and causing special damages." In re Mortgage Elec. Registration Systems (MERS)

19  Litigation, No. 09-2119-JAT, 2011 WL 251453, at *10 (D. Ariz. Jan. 25, 2011) (quoting Executive

20  Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998)).  The element of malice in a slander

21  of title action requires a showing that the defendant knew that the communication was false or acted

22  in reckless disregard of its truth or falsity. See Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983).

23  Reckless disregard is said to exist "when there is 'a high degree of awareness of ... probable

24  falseness' of the statement, or there are 'serious doubts as to [its] truth.'" Restatement (Second) of

25  Torts § 580A cmt. d (1977). When a defendant has reasonable grounds for belief in his claim, even if

26  the claim proves to be false, there is no malice. Rowland, at 1335-36 (citation omitted).

1       Plaintiff's reference to Defendants' conduct regarding this claim is ambiguous. First, Plaintiff

2   alleges in her Complaint that Defendants' conduct in filing the Notice of Trustee's Sale and Trustee's

3   Deed, "without first complying [with] all statutory prerequisites," constitutes false and malicious

4   communications. Specifically, Plaintiff alleges that the Notice of Trustee's Sale and Trustee's Deed

5   was improper because (1) she did not receive the notice and (2) she became aware that the sale had

6   occurred when she found a letter from Realtors Patrick M. Korth and Rebecca Hoag asserting that

7   they had taken ownership of the Property. Complaint, ¶ 31. Plaintiff alleges that this notice was

8   posted  post-foreclosure and Plaintiff incurred damages. Complaint, ¶ 42.

9       Second, Plaintiff alleges in her Opposition that Bank of America's conduct, which "led

10   Plaintiff to believe that a loan modification was being seriously considered" and that no further

11   action on Plaintiff's part was necessary, constitutes false and malicious communications. See

12   Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. No. 13, p. 8 of 18).

13       Defendants respond by arguing that pursuant to Nevada Statutes, it is not required that the

14   borrower receive the notice of sale, only that notice of sale is sent. See Turner v. Dewco Serv's, Inc.,

15   87 Nev. 14, 16, 479 P.2d 462 (1971). Defendants support this point by citing to an affidavit of

16   mailing, which purports to serve as proof that the Notice of Trustee Sale and Trustee's Deed was sent

17   to Plaintiff. See Defendants' Motion to Dismiss (Doc. No. 11, p. 7 of 14). Plaintiff alleges that this

18   exhibit is a "misguided attempt by Defendants to have the Court analyze Plaintiff's slander of title

19   claim on a summary judgment basis." See Plaintiff's Opposition to Defendants' Motion to Dismiss

20   (Doc. No. 13, p. 8 of 18). Furthermore, Plaintiff alleges that the affidavit is unauthenticated. See

21   Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. No. 13, p. 9 of 18).

22       The Court may take judicial notice of a fact in the pleadings when the fact is "(a) [g]enerally

23   known within the territorial jurisdiction of the trial court; or (b) [c]apable of accurate and ready

24   determination by resort to sources whose accuracy cannot reasonably be questioned." N.R.S. §

25   47.130. Generally courts within this circuit have taken judicial notice of affidavits of mailing when

26   these affidavits were matters of public record. See Huerta v. Ocwen Loan Servicing, LLC, No. C 09-

6

1   05822, slip op., 2010 WL 2485936, at *2 (N.D. Cal. June 16, 2010) (affidavit was recorded in the

2   official records of Josephine County, Oregon); see also Chancey v. Washington Mut. Assetbacked

3   Certificates, No. CV 10-3007-CL, 2010 WL 3001178, at *1 (D. Or. July 27, 2010) (affidavit was

4   publically recorded in county where property described in deed of trust was located).

5          Here, Defendants offer no evidence that the affidavit of mailing was publically recorded. An

6   issue of fact regarding whether Defendants met their statutory duty by sending notice to Plaintiff

7   pursuant to N.R.S. § 107.080[1] may not be resolved in the pending motion to dismiss. The Court may

8   not take judicial notice of the affidavit of mailing because it is not a matter of public record.

9   Therefore, the Court denies Defendants' Motion to Dismiss without prejudice.

10         Plaintiff alleges that following her last meeting with Bank of America regarding the loan

11  modification, she received improper notice of foreclosure. The foreclosure was initiated and

12  conducted by ReconTrust, who exercised its legal authority as trustee under the Deed of Trust to

13  foreclose after Plaintiff failed to cure her default. The Court is, therefore, unable to draw a reasonable

14  inference that Bank of America is liable for the specific misconduct alleged. Thus, this portion of

15  Plaintiff's claim is dismissed, but the Court grants Plaintiff leave to file an amended complaint.

16         C. Breach of Covenant of Good Faith and Fair Dealing

17         Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair

18  dealing in its performance and execution." Larson v. Homecomings Financial, LLC, 680 F.Supp.2d

19  1230, 1236 (D. Nev. 2009) (citation omitted). However, "[a]s a general matter, a court should not

20  "conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a

21  breach of the implied covenant of good faith and fair dealing." Davenport v. Litton Loan Servicing,

22  LP, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010).

23         Plaintiff references, with ambiguity, "other agreements," in addition to the Deed of Trust and

24  loan documents, which Defendants allegedly breached.  Pursuant to the Deed of Trust, Defendants

25  _____

26     [1] N.R.S.§107.080 states that "the trustee must give notice of the time and place of the sale to each trustor...by
mailing the notice by registered or certified mail to the last known address of the trustor."

acted in accordance to the terms of this document and fulfilled their statutory requirements. Upon default, ReconTrust, as trustee, had the power to foreclose under the deed, and did so accordingly. Defendants correctly assert that a trustee's compliance with the deed of trust post-formation does not contravene the spirit of the contract.

Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Jacobs v. Bank of America, N.A., No. C10-04596, slip op., 2011 WL 250423 (N.D.Cal. Jan 25, 2011) (quoting Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991)). Additionally, a servicer owes no contractual duty to a borrower. See Mira v. GMAC Mortgage, No. C 10-3394, slip op., 2010 WL 4010148, at *1 (N.D. Cal. Oct. 13, 2010). Bank of America's role as mortgage servicer for Decision One encompasses the ability to invite a borrower to apply for a loan modification. See generally Grill v. BAC Home Loans Servicing, LP, 10-CV-03057, at *1, 2011 WL 127891, slip op. (E.D. Cal. Jan. 14, 2011). Therefore, Bank of America owed no duty of care to Plaintiff as it acted within the scope of servicing the initial loan agreement.

Furthermore, Plaintiff's reference to the breach of "agreements" indicates that a binding agreement existed between Plaintiff and Bank of America regarding the loan modification. In Grill, the court held that a binding modification "would not result unless and until BAC determined that plaintiff complied with the requirements," and if so determined, BAC would send plaintiff "a modification agreement, including a new monthly payment amount, which both plaintiff and defendant would execute." Id.  Therefore, an invitation to apply for a loan modification does not constitute a binding agreement either express or implied. At best, this invitation constitutes a promise of future performance. For these reasons, the Court dismisses Plaintiff's claim, but grants her leave to file an amended complaint.

D. Unjust Enrichment

In Nevada, a valid claim of unjust enrichment requires that plaintiff show: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance and retention of the benefit by the defendant under circumstances that would be inequitable for him to retain the benefit. See Topaz Mutual Co., Inc. v. Marsh, 839 P.2d 606, 613 (Nev. 1992). However, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. v. The Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997).

Plaintiff alleges that Defendants purported to complete the nonjudicial deed of trust foreclosure process "in violation of …statutory law, while also intentionally and/or negligently inducing plaintiff not to act to protect her interests" by causing her to rely on Bank of America's loan modification process instead. Complaint, ¶ 56. As previously established, an express contract did not exist between Plaintiff and Bank of America, yet Plaintiff's allegations fail to show that Bank of America received a benefit from Plaintiff, appreciated this benefit, and accepted and retained the benefit under circumstances that would be inequitable in its position as loan servicer. Therefore, Plaintiff's unjust enrichment claim against Bank of America fails.

Additionally, the Deed of Trust constitutes an express agreement. The remaining defendants exercised their rights to sell and buy the Property, upon Plaintiff's default, pursuant to the Deed of Trust, which lists MERS as a beneficiary. See Defendants' Motion to Dismiss (Doc. No. 11, Exhibit A, Deed of Trust, p. 2 of 37). MERS "primarily serves as a document custodian or registry to assist members of its system in the transfers of the beneficial interests in the deeds of trust or other documents concerning real estate." In re Madison, No. 2:09-bk- 22225, a *3, 2010 WL 3941858, slip op. (Bankr. D. Ariz. Oct. 4, 2010). The service is provided "to members, and is generally listed as the party holding 'legal title' to the beneficial interest in the deed of trust as a means to effectuate the transfer of the beneficial interest in any deed of trust amongst its members." Id. Thus, "if one

1   member is listed as a beneficiary on a deed of trust, it may transfer that interest to another member,

2   through the MERS registry system, without recording a document in the public records." Id. Because

3   the Trustee Sale was conducted pursuant to the Deed of Trust and Defendants acted pursuant to their

4   duties under this express instrument, a claim for unjust enrichment is not supported. The Court

5   dismisses this claim, but grants Plaintiff leave to file an amended complaint.

6          E. Bad Faith and Breach of Fiduciary Duty

7          Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent

8   exceptional circumstances, such as when a special relationship exists between the two parties.

9   Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004);

10  aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir.2007).

11  However, the Nevada Supreme Court established a two-prong test to determine whether a special

12  relationship between a lender and a borrower existed. The first prong of the test "require[s] that the

13  trier of fact find only that the conditions would cause a reasonable person to impart special

14  confidence in the seller/lender." Mackintosh v. Jack Mathews and Co., 855 P.2d 549, 554

15  (Nev. 1993). The second prong of the test "also requires only that a reasonable lender would have

16  known of this confidence." Id.

17         Even if the Court assumes that Plaintiff sufficiently alleges  that  Bank of America's

18  correspondence regarding the loan modification created a special relationship, Plaintiff fails to

19  sufficiently allege a *breach* of this fiduciary duty. Plaintiff alleges that Defendants breached this

20  fiduciary duty "by proceeding to foreclose upon the Property without providing proper notice to

21  Plaintiff," pursuant statutory requirements. Complaint, ¶ 63. Here, Plaintiff fails to show a causal

22  connection between the loan modification correspondence, sent by Bank of America and the

23  foreclosure, which was requested and conducted by ReconTrust. Essentially, Plaintiff alleges that a

24  fiduciary duty was owed by Bank of America, but that duty was breached by ReconTrust. Plaintiff

25  also fails to allege whether Bank of America and ReconTrust acted in concert regarding the

26  foreclosure, or if the loan modification process was conducted independent of the Trustee's Sale.

1    Therefore, Plaintiff fails to sufficiently allege a breach of fiduciary duty claim. Accordingly, the

2    Court dismisses this claim, but grants Plaintiff leave to file an amended complaint.

3         F. Fraud

4         In order to state a claim for fraud in Nevada, a plaintiff must show each of the following

5    elements: (1) a false representation made by defendant; (2) defendant's knowledge that the

6    representation was false when made; (3) an intent by defendant to induce plaintiff to act or refrain

7    from acting; (4) justifiable reliance by plaintiff; and (5) damages to plaintiff resulting from fraud. See

8    Bulbman, Inc. v. Nev. Nell, 825 P.2d 588, 592 (Nev. 1992). Fraud must be plead with particularity

9    including allegations to time, place, nature of the fraud and the specific parties involved. See

10   Neubronner v. Milliken, 6 F.3d 666, 671 (9th Cir. 1993); Fed. R. Civ. P. 9(b). Generally vague and

11   conclusory allegations are to be disregarded. See Moore v. Kayport Package Express, Inc., 885 F.2d

12   531, 540 (9th Cir. 1989).

13        Plaintiff alleges that Defendants "intentionally made material misrepresentations as to the

14   nature of the purported loan modification process and thereby induced Plaintiff not to act to protect

15   her interests," regarding the foreclosure. Complaint, ¶ 70. Furthermore, she alleges that at the time,

16   the loan modification statements were untrue and Defendants were "aware of the falsity" of these

17   statements when they were made. Complaint, ¶ 71. While Plaintiff fails to plead, the elements of her

18   fraud claim, she directs the Court to ¶¶ 16-44 of the Statement of Facts within the Complaint. The

19   Court considers these facts and notes that ultimately, Defendant ReconTrust caused the Trustee's

20   Sale. While Bank of America engaged Plaintiff in loan modification procedures, a causal connection

21   is not sufficiently alleged as to Bank of America's knowledge of the foreclosure proceedings in order

22   to establish a plausible fraud claim. Therefore, the Court dismisses this claim, but grants Plaintiff

23   leave to file an amended complaint.

24        G. Civil Conspiracy

25        In Nevada, an actionable civil conspiracy claim is defined as "a combination of two or more

26   persons, who by some concerted action, intend to accomplish some unlawful objective for the

1   purpose of harming another which results in damage." <u>Flowers v. Carville</u>, 266 F. Supp. 2d 1245,

2   1249 (D. Nev. 2003). A civil conspiracy claim "operates to extend, beyond the active wrongdoer,

3   liability in tort to actors who have merely assisted, encouraged or planned the wrongdoer's acts." <u>Id.</u>

4       To succeed on a claim for civil conspiracy, "the plaintiff must show that (1) defendants acted

5   in concert with the intent to accomplish an unlawful objective for the purpose of harming the

6   plaintiff and (2) plaintiff sustained damage as a result of defendants' conduct." <u>Pineda v. Bank of</u>

7   <u>America Home Loans</u>, No. 2:10-CV-01958, slip op., 2011 WL 1981927, at *1 (D. Nev. May 20,

8   2011).

9       Plaintiff's civil conspiracy claim is not supported for the reasons her fraud claim fails.

10  Plaintiff has not plead whether Bank of America knew of the foreclosure proceedings. Furthermore,

11  there is no specific factual allegation, only a stated legal conclusion,  that Bank of America and

12  ReconTrust acted in concert to harm Plaintiff. Therefore, the Court dismisses this claim, but grants

13  Plaintiff leave to file an amended complaint.

14      H. Breach of Contract

15      Plaintiff's breach of contract claim as to Bank of America fails because, as mentioned above,

16  Plaintiff fails to allege that an actual contract existed between Plaintiff and Bank of America.

17  Accordingly, the Court dismisses this claim, but grants Plaintiff leave to file an amended complaint.

18      I. Declaratory Relief

19      Plaintiff's claim for declaratory relief is based on the invalidity of the Notice of Trustee's

20  Sale and Trustee's Deed as they were not in compliance with statutory requirements, compiled via

21  fraud, and in breach of fiduciary duty. Again, Plaintiff has not plead enough facts to support her fraud

22  and breach of fiduciary duty claims. Furthermore, Plaintiff has failed to purport whether, prior to the

23  trustee's sale, she would have been able to cure her default. Accordingly, the Court dismisses this

24  claim for relief, but grants Plaintiff leave to file an amended complaint.

25  ///

26  ///

J. Injunctive Relief

For the aforementioned reasons, Plaintiff's claim for injunctive relief is also dismissed, however, the Court grants her leave to file an amended complaint.

K. Inspection and Accounting

An action for accounting "may only be brought where there is a fiduciary or a trust relationship between the parties." McCurdy v. Wells Fargo Bank, N.A., No. 2:10-CV-00880, slip op., 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010). Because Plaintiff has sufficiently established the presence of a fiduciary duty between herself and Bank of America, the Court declines to dismiss this portion of the claim, but grants Plaintiff leave to file an amended complaint.

L. Deceptive Trade Practices

Plaintiff bases her deceptive trade practices claim on N.R.S. § 598, Nevada's Deceptive Trade Practices Act. This Court has previously held that this section applies only to goods and services and not to real estate loan transactions. Accordingly, the Court dismisses Plaintiff's claim arising under this Act without leave to file an amended complaint.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A., et. al.'s Motion to Dismiss (#11) is **GRANTED in part and DENIED in part;**

IT IS FURTHER ORDERED that Plaintiff's Counter Motion to Amend the Complaint is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint in accordance with this Order no later than fourteen (14) days after the entry of this Order.

DATED this 8TH day of July 2011.


_____
Kent J. Dawson
United States District Judge

13